**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**STEPHAN H. WHITT,**

        **Petitioner,**

    **v.**

**WARDEN, LEBANON
CORRECTIONAL INSTITUTION,**

    **Respondent.**

        **CASE NO. 2:12-CV-731
        JUDGE JAMES L. GRAHAM
        MAGISTRATE JUDGE ELIZABETH P. DEAVERS**

**ORDER and
REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, request for a stay, *Motion to Dismiss* Counts 1, 3 and 4 of the Indictment, and request for the appointment of counsel, Docs. 1, 10, 19, Respondent's *Motion to Dismiss*, Doc. 16, Petitioner's *Response,* Doc. 21, and Respondent's *Motion for a Stay*. Doc. 20. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's request for a stay and *Motion to Dismiss* Counts 1, 3 and 4 of the Indictment, Docs. 1, 10, be **DENIED**; and Respondent's *Motion to Dismiss* without prejudice to re-filing, Doc. 16, be **GRANTED.**

Petitioner's request for the appointment of counsel, Doc. 19, is **DENIED.**

Respondent's *Motion for a Stay*, Doc. 20, is **DENIED,** as moot.

**FACTS and PROCEDURAL HISTORY**

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

The minor victim, N.P. was born on January 25, 1995, making her twelve and thirteen years old at the time of the offenses described herein. N.P. has two brothers, one older and one younger. All three children resided with their grandmother and her husband, the Appellant, in Coshocton County, Ohio. N.P. has lived with her grandparents since she was two years old and viewed them as her parents.

In May or June, 2007, Appellant took N.P. and her brothers on a camping trip to Sunbury, Ohio. N.P. was twelve years old at the time. N.P.'s brothers slept in one tent while N.P. and Appellant slept in the other tent. During the night, Appellant engaged in sexual intercourse with N.P.

During this same time period, N.P. and her younger brother rode with Appellant in his semi-truck on a trip to New York. During the trip, while N.P. was sleeping in the back of the truck, Appellant pulled over at a truck stop in Pennsylvania and again engaged in sexual intercourse with N.P.

N.P. became pregnant and delivered a child on March 7, 2008. Subsequent DNA testing revealed that Appellant was the father of the child to a degree of 99.9998 percent.

In May or June, 2008, when N.P. was 13 years old, N.P. went into her grandparents' bedroom to watch television while her grandfather was asleep on the bed and her grandmother was asleep in the living room. N.P. fell asleep while watching television, and awoke to Appellant forcing vaginal intercourse upon her. Afterwards, N.P. asked Appellant why he did that and he said he did not know what she was talking about and told her that she could tell her grandmother if she wanted to. N.P. described feeling threatened by the statement and by the Appellant's demeanor towards her when he made the statement.

During this same time period, N.P. accompanied Appellant from Coshocton County, Ohio to Tennessee in his semi-truck. She stated that she went with Appellant because she was stressed and tired from caring for her baby and that she thought that she would be able to sleep and relax on the trip. Again, while she was sleeping in the back of the truck, Appellant pulled over somewhere in Kentucky or Tennessee and forced N.P. to have sexual intercourse with him.

N.P. became pregnant again and delivered a second child on March 2, 2009. Subsequent DNA testing revealed that Appellant was the

father of the child to a degree of 99.9999 percent.

N.P. stated that during the course of events in 2007 and 2008 when Appellant would have sex with her, she felt forced into these acts because Appellant was a parental figure and she felt she had no power to say no and if she did, it wouldn't have helped anyways. She described Appellant as being a large man, threatening and had guns in the house. She also stated that she believed that he would cease the same behavior in the future.

Initially, N.P. lied about who was the father of her children to police and social workers because she was afraid to tell the truth. She felt threatened and wondering what would happen to her family and what Appellant would do to them if she disclosed the truth. She was eventually removed from the home by the Department of Job and Family Services. At that time, N.P. disclosed what had happened between her and Appellant.

Appellant was then indicted by the Coshocton County Grand Jury as follows: Count one, Rape of a Minor Under the Age of Thirteen [R.C. 2907.02(A)(1)(b) ], a felony of the first degree; Count two, Rape [R.C. 2907.02(A)(2) ], a felony of the first degree; Sexual Battery Under the Age of Thirteen [R.C. 2907.03(A)(5), a felony of the second degree; and Count four, Sexual Battery [R.C. 2907.03(A)(5) ], a felony of the third degree. As set forth in the indictments, counts one and three relate to the crimes occurring between May 1, 2007 and June 30, 2007. Counts two and four relate to the crimes occurring between May 1, 2008 and June 30, 2008.

During the proceedings, a search warrant was executed, and an oral swab of Appellant's mouth was taken to compare his DNA to that of N.P.'s children. As previously stated, the test results came back conclusively that Appellant was the father of N.P.'s children.[FN1]

FN1. As discussed infra, the Juvenile Division of the Coshocton County Court of Common also had ordered DNA testing to be conducted upon N.P., Appellant and the two infants in April, 2008, prior to Appellant's indictment. These results also revealed that the probability of paternity showing Appellant as the father of N.P.'s children at 99.999 percent.

Appellant filed a motion claiming that he was incompetent to stand trial. A competency evaluation was conducted and Appellant was found competent to stand trial.

3

Appellant waived in open court and in writing his right to a trial by jury. A bench trial was conducted. The trial court found Appellant guilty of all counts and merged the sexual battery convictions with the rape convictions. Appellant was sentenced to an indefinite term of twenty-five years to life on the first count, when N.P. was twelve, to nine years on count two, which was the rape that occurred when N.P. was thirteen. The court also sentenced Appellant on count three, sexual battery, to a definite term of seven years in prison, and to a term of four years on count four on count four, sexual battery. The court then merged the sentences for counts three and four with the sentences for counts one and two.

The court also notified Appellant that he would be subject to a mandatory period of postrelease control for five years.[1]

Appellant appealed and raises six Assignments of Error:

"I. THE TRIAL COURT LACKED STATUTORY JURISDICTION UNDER R.C. 2901.11 TO CONSIDER THE SECOND AND FOURTH INCIDENTS AS THE ALLEGED SEXUAL CONDUCT OCCURRED OUTSIDE THE STATE OF OHIO.

"II. APPELLANT'S CONVICTIONS WERE BOTH AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WERE NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE DUE IN PART TO THE STATE'S FAILURE TO ESTABLISH VENUE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION, ARTICLE I, SECTIONS 1, 10, & 16 OF THE OHIO CONSTITUTION, R.C. 2901.12 AND CRIM. R. 29.

"III. THE DENIAL OF THE DEFENSE SUPPRESSION MOTION AND THE ADMISSION OF THE DNA TEST RESULTS FROM THE APPELLANT'S MOUTH SWABS VIOLATED THE 4TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

---

[1] Petitioner asserts that he is actually innocent. He alleges that the prosecutor and alleged victim committed perjury. He argues at length that the trial court lacked jurisdiction because trial testimony indicated the alleged crimes did not take place in Coshocton, Ohio, as charged, and that his attorney performed in a constitutionally ineffective manner. *See* Petitioner's *Response,* Doc. 21.

> "IV. THE TRIAL COURT LACKED JURISDICTION TO TRY THE APPELLANT WITHOUT A JURY.
>
> "V. THE SENTENCE WAS CONTRARY TO LAW AND ALSO VIOLATED THE 5TH AND 6TH AMENDMENTS TO THE U.S. CONSTITUTION.
>
> "VI. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE 6TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 10, 16 OF THE OHIO CONSTITUTION ."

*State v. Whitt*, No. 10-CA-10, 2011 WL 2447416, at *1-3 (Ohio App. 5th Dist. June 13, 2011). On June 13, 2011, the appellate court affirmed the trial court's judgment in part, and reversed in part, sustaining Petitioner's fifth assignment of error and remanding the case to the trial court for re-sentencing. *Id*. On November 2, 2011, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Whitt*, 130 Ohio St.3d 1417 (2011).

> On January 30, 2012, the trial court conducted a resentencing hearing. By judgment entry on resentencing filed February 8, 2012, the trial court merged the sexual battery counts with the rape counts and sentenced appellant to an aggregate indefinite term of twenty-five years to life in prison.
>
> Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
>
> "THE SENTENCE WAS CONTRARY TO LAW AND ALSO VIOLATED THE 5TH AND 6TH 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION DUE PROCESS OF LAW EQUAL PROTECTION OF THE LAW."

*State v. Whitt,* No. 12-CA-3, 2012 WL 2612949, at *1 (Ohio App. 5th Dist. July 5, 2012). On July 5, 2012, the appellate court affirmed the judgment of the trial court. *Id*. On November 7, 2012, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Whitt*, 133 Ohio St.3d 1467

5

(2012).

On July, 11 2011, Petitioner filed a *pro se* motion for relief from judgment and petition for post conviction relief asserting he was denied effective assistance of counsel. *See Exhibit 38 to Motion to Dismiss*. Petitioner additionally asserted that the alleged victim lied. *Exhibit 42 to Motion to Dismiss*. On September 5, 2012, the trial court denied Petitioner's motion. *Exhibit 58 to Motion to Dismiss*.[2] Petitioner filed a timely appeal. On October 1, 2012, the appellate court directed Petitioner to file a docketing statement or attach a time-stamped copy of the judgment entry being appealed or risk dismissal of his appeal. *Exhibit 60 to Motion to Dismiss*. That action apparently remains pending in the Ohio Court of Appeals.

On August 15, 2012, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States because the trial court lacked jurisdiction (claim one); his convictions were against the manifest weight of the evidence due to a failure to establish venue (claim two)[3]; the government unconstitutionally obtained DNA evidence (claim three); and denial of the right to a jury trial. Petitioner asserts that he signed a waiver of his right to jury trial due to bad advice from his attorney (claim four). Petitioner additionally asserts that his sentence was

---

[2] Petitioner filed a motion requesting a ruling from the trial court and more than one petition for a writ of mandamus in the Fifth District Court of Appeals requesting the appellate court to direct the trial court to issue a ruling on his motion. *See Exhibits 43, 44, 47 to Motion to Dismiss*. On September 24, 2012, the appellate court dismissed the mandamus action as moot, because the trial court had acted. *Exhibit 48 to Motion to Dismiss*. Petitioner filed an appeal to the Ohio Supreme Court. *Exhibit 49 to Motion to Dismiss*. That action apparently remains pending. *See Exhibits 49, 57, 61 to Motion to Dismiss*.

[3] Specifically, Petitioner alleges in claim two that the indictment charged him with crimes committed in Coshocton County, but trial testimony indicated the crimes were committed in Delaware County, Pennsylvania, and Tennessee. *Petition,* PageID# 13.

6

unconstitutionally imposed (claim five); he was denied effective assistance of counsel (claim six). It is the position of the Respondent that this action should be dismissed as unexhausted.

Petitioner seeks a stay of proceedings pending his exhaustion of state remedies as well as the appointment of counsel to represent him in these proceedings. Docs. 1, 19. He additionally has filed a *Motion to Dismiss* Counts 1 through 3 of the Indictment. Doc. 10. Respondent requests the Court stay ruling on Petitioner's *Motion to Dismiss* Counts 1 through 3 of the Indictment pending resolution of Respondent's *Motion to Dismiss* this action as unexhausted. Doc. 20.

## EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Where alternative state remedies are available to consider the same claim, however, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees,* 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

In claim six, Petitioner asserts he was denied effective assistance of trial counsel because his attorney failed to challenge the indictment, jurisdiction of the trial court, imposition of excessive bail, failed to call defense witnesses, failed to present exculpatory evidence, *i.e.*, Petitioner's truck

driving records, failed to request recusal of the trial judge, failed to object to prosecutorial misconduct, and failure to file a motion for a new trial. *See Petition*, PageID 234-24. Petitioner has raised at least some of these same claims in his post conviction motion which apparently remains pending in the state appellate court. Thus, this action remains unexhausted.

Petitioner seeks a stay pending exhaustion. Where the one-year statute of limitations under 28 U.S.C. § 2244(d)[4] will likely bar a petitioner from re-filing his habeas corpus petition after

---

[4] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions.

28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

exhausting state court remedies, a federal habeas court may stay proceedings under limited circumstances. *Rhines v. Weber,* 544 U.S. 269, 277-78 (2005)(a stay of habeas proceedings is appropriate where there was good cause for the petitioner's failure to exhaust his claims and the unexhausted claims are potentially meritorious).

Here, however, the statute of limitations has not yet expired. Petitioner's judgment of conviction became final on November 7, 2012, when the Ohio Supreme Court dismissed his re-sentencing appeal. Ohio S.Ct. Rule Prac. 2.2(A)(1)(a); *Johnson v. Warden, Lebanon Corr'al Inst.,* No. 1:09-cv-336, 2010 WL 2889056, at *5-6 (S.D. Ohio June 23, 2010)("[F]inal judgment in a criminal case means sentence. The sentence is the judgment" (quoting *Burton v. Stewart,* 549 U.S. 147, 156-57 (2007)(internal citation omitted)); *Johnson v. Howes,* No. 1:10-537, 2010 WL 3398878, at *1-2 (W.D. Mich. Aug. 27, 2010)(judgment becomes final for statute of limitations purposes on date that judgment of re-sentencing becomes final)(citing *Magwod v. Patterson*, – U.S. –, 130 S.Ct. 2788, 2800 (2010); *Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006)). The statute of limitations will expire one year later, on November 7, 2013.

Additionally, assuming, *arguendo*, the state appellate court deems Petitioner's post conviction petition to have been properly filed, that action will toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2) the time period during which it remains pending.[5]

In short, the Magistrate Judge is not persuaded that the record reflects a stay of proceedings is warranted in this case, as the statute of limitations has yet to expire and will not necessarily

---

[5] Although most of Petitioner's unexhausted claim of ineffective assistance of counsel appears to be on-the-record claims that should have been raised on appeal and thus now would be barred from review under Ohio's doctrine of *res judicata*, he also asserts in post conviction proceedings the off-the-record claim that his attorney performed in a constitutionally ineffective manner by failing to call certain defense witnesses.

preclude Petitioner from re-filing a timely habeas corpus petition upon exhaustion of state court remedies.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that Petitioner's request for a stay, and *Motion to Dismiss* Counts 1, 3 and 4 of the Indictment, Docs. 1, 10 be **DENIED** and Respondent's *Motion to Dismiss* this case without prejudice to re-filing, Doc. 16, be **GRANTED.**

Petitioner's request for the appointment of counsel, Doc. 19, is **DENIED.**

Respondent's *Motion for a Stay*, Doc. 20, is **DENIED,** as moot.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

        *S/ Elizabeth A. Preston Deavers*
        **Elizabeth A. Preston Deavers**
        **United States Magistrate Judge**

**Date:  December 3, 2012**