# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**STEPHEN WHITT,**

        **Petitioner,**

        **v.**

**WARDEN, LEBANON**
**CORRECTIONAL INSTITUTION,**

        **Respondent.**

        **CASE NO. 2:12-CV-731**
        **JUDGE JAMES L. GRAHAM**
        **Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 27, 2013, the Court issued an *Opinion and Order* denying, *inter alia,* Respondent's *Motion to Dismiss* and *Supplemental Motion to Dismiss* without prejudice to renewal and directed Respondent to file a response.  (See Doc. No. 40.)   This matter now is before the Court on the instant petition (Doc. No. 3), Respondent's *Return of Writ* (Doc. No. 43), Petitioner's *Response and Exhibits in Support* (Doc. Nos. 46, 47), and all of the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DENIED** and that this action be **DISMISSED**.

**Facts and Procedural History**

The facts and procedural history of this case are detailed in this Court's prior *Order and Report and Recommendation* (Doc. No. 22).  The case involves Petitioner's June 15, 2010, convictions after a jury trial in the Coshocton County Court of Common Pleas on two counts of rape and two counts of sexual battery arising out the sexual abuse of Petitioner's minor granddaughter, resulting in the birth of two children.  In a *Judgment Entry* dated April 15, 2010, the trial court sentenced Petitioner to indefinite term of twenty-five years to life on count one,

which occurred when the alleged victim was twelve-years old; nine years on count two, which occurred when the alleged victim was thirteen-years old; seven years on the sexual battery charged in count three, and four years on the sexual battery charged in count four. The court merged the sentences on counts three and four with the sentences on counts one and two. Petitioner timely appealed, raising the following assignments of error:

      I.      THE TRIAL COURT LACKED STATUTORY JURISDICTION UNDER R.C. 2901.11 TO CONSIDER THE SECOND AND FOURTH INCIDENTS AS THE ALLEGED SEXUAL CONDUCT OCCURRED OUTSIDE THE STATE OF OHIO.

      II.     APPELLANT'S CONVICTIONS WERE BOTH AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WERE NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE DUE IN PART TO THE STATE'S FAILURE TO ESTABLISH VENUE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION, ARTICLE I, SECTIONS 1, 10, & 16 OF THE OHIO CONSTITUTION, R.C. 2901.12 AND CRIM. R. 29.

     III.    THE DENIAL OF THE DEFENSE SUPPRESSION MOTION AND THE ADMISSION OF THE DNA TEST RESULTS FROM THE APPELLANT'S MOUTH SWABS VIOLATED THE 4TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

     IV.    THE TRIAL COURT LACKED JURISDICTION TO TRY THE APPELLANT WITHOUT A JURY.

     V.     THE SENTENCE WAS CONTRARY TO LAW AND ALSO VIOLATED THE 5TH AND 6TH AMENDMENTS TO THE U.S. CONSTITUTION.

     VI.    TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE 6TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 10, 16 OF THE OHIO CONSTITUTION."

*State v. Whitt*, No. 10-CA-10, 2011 WL 2447416, at *3-*4 (Ohio App. 5th Dist. June 13, 2011).

On June 13, 2011, the state appellate court sustained in part Petitioner's fifth assignment of error

with respect to the trial court's sentencing on counts three and four prior to merging those

convictions with the sentences on counts one and two, and remanded the case for re-sentencing.

*Id.* at *9. Petitioner filed a timely appeal to the Ohio Supreme Court, in which he asserted the

following sole proposition of law:

> The parental or loco parentis nature of a relationship between an
> adult and a child, and the diminished force element in child rapes,
> do not automatically grant jurisdiction under R.C. 2901.11(A)(1)
> for sex offenses against children that are initiated and completed
> outside of Ohio. Section 16, Article I, Ohio Constitution; R.c.
> 2901.11(A)(1).

*See Exhibit 25 to Return of Writ*, PageID#956. On November 2, 2011, the Ohio Supreme Court

dismissed the appeal. *State v. Whitt*, 130 Ohio St.3d 1417 (2011.)

On January 30, 2012, the trial court, in a *Judgment Entry* filed on February 8, 2012, re-

sentenced Petitioner pursuant to remand and merged the sexual battery counts with the rape

counts, sentencing Petitioner to an aggregate indefinite term of twenty-five years to life. *See*

*State v. Whitt*, No. 12-CA-3, 2012 WL 2612949, at *1 (Ohio App. 5th Dist. July 5, 2012).

Petitioner appealed. As his sole assignment of error, Petitioner asserted that his sentence was

contrary to law and violated the Fifth, Sixth and Fourteenth Amendments to the United States

Constitution, due process and equal protection of the law. *Id.* On July 5, 2012, the state

appellate court denied Petitioner's appeal. *Id.* On November 7, 2012, the Ohio Supreme Court

dismissed Petitioner's appeal. *State v. Whitt,* 133 Ohio St.3d 1467 (Nov. 7, 2012.)

Petitioner pursued post-conviction relief. He asserted that he had been denied effective

assistance of counsel because his attorney failed to investigate and present exculpatory evidence

demonstrating that the trial court lacked jurisdiction. Specifically, Petitioner complained that his

attorney failed to submit "log books" into evidence, on which Petitioner kept track of the dates that he was out of town in his truck and showed he could not have committed the crimes alleged. Petitioner complained that defense counsel failed to challenge the jurisdiction of the trial court. He asserted that his attorney improperly advised him he could not testify on his own behalf, present defense witnesses or exculpatory evidence, and any attempt to do so would merely anger the trial judge. *See Exhibit 38 to Return of Writ*. Petitioner attached his own affidavit as well as affidavits from Elizabeth Whit and Joanna Rafferty stating that neither Petitioner nor his granddaughter went on a camping trip in 2007, and therefore he could not have committed the acts alleged on those dates. *Id*. PageID# 1164-65; 1220. Petitioner also attached in support a receipt dated July 10, 2008, for diesel fuel and what appears to be a copy of his "Daily Log," reflecting the dates that he was not in town. Most of the latter documents are not legible. *Id*. PageID# 1167-1214.

On September 5, 2012, the trial court denied Petitioner's post-conviction action as untimely, based on Petitioner's failure to exhaust appellate options and because Petitioner filed his post conviction petition during the time that his appeal remained pending in the Ohio Supreme Court. *Exhibit 43 to Return of Writ*. On December 24, 2012, the Ohio Court of Appeals dismissed Petitioner's appeal for want of prosecution. The Ohio Supreme Court dismissed Petitioner's subsequent appeal.

On August 15, 2012, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that he is in the custody of the Respondent in violation of the Constitution of the United States because the trial court lacked jurisdiction (claim one); his convictions were against the manifest weight of the evidence and supported by constitutionally insufficient evidence (claim two); the government violated the Fourth Amendment in obtaining

his DNA (claim three); denial of the right to a jury trial and ineffective assistance of counsel based on the waiver of his right to jury trial (claim four); that his sentence violates federal law and the trial court improperly failed to merge his sentences as allied offenses of similar import (claim five); denial of the effective assistance of counsel because his attorney failed to challenge the indictment, challenge excessive bail as violating the Eight Amendment, challenge the jurisdiction of the trial court, call defense witnesses, present an opening statement, object at trial to prosecutorial misconduct and other trial errors; failure to review Petitioner's log books, file a motion to recuse the trial judge as biased, and file a motion for a new trial, despite advising Petitioner that he would do so. (Claim six.) It is the position of the Respondent that all of Petitioner's claims fail to present issues appropriate for federal habeas corpus review or are procedurally defaulted.

**Claim One – State Law Claim**

In claim one, Petitioner asserts that the trial court lacked jurisdiction because the crimes allegedly took place outside of Ohio. Petitioner argued on direct appeal and before the Ohio Supreme Court that his convictions thereby violated Ohio law only, specifically Ohio Revised Code §§ 2901.11(A)(1) and 2901.12. *See Exhibits 16, 25 to Return of Writ.* The state appellate court likewise reviewed his claim for the alleged error of state law. *State v. Whitt,* 2011 WL 2447416, at *3-4. Petitioner argues that because his jurisdictional claim is so closely interwoven with federal law that this Court must address any federal constitutional issue. *Response,* PageID# 1458-59. This Court does not agree.

A trial court's determination of the proper venue, or jurisdiction over a case involves a matter of state, and not federal law. "[V]enue for criminal proceedings in Ohio is a function of state law." *Harris v. Jeffries*, No. 3:06-cv-02887, 2007 WL 3340035, at *5 (N.D. Ohio Nov. 6,

2007)(footnote omitted)(rejecting same argument presented herein.)  "A state court's decision as to proper venue or jurisdiction generally does not raise a cognizable constitutional claim." *Campa v. Erwin*, No. C-1-03-550, 2005 WL 2313980, at *2 (S.D. Ohio Sept. 21, 2005)(citing *Davey v. Stegall*, No. 95-2198, 1996 WL 708336, at * 1 (6th Cir. Dec. 5, 1996); *Wellman v. Chapleau*, No. 95-6123, 1996 WL 325212, at * 2 (6th Cir. June 12, 1996).  Thus, Petitioner's jurisdictional claim fails to present a federal issue and cannot provide a basis for habeas relief. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a).  A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law."  *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure.  *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition.  *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).

Claim one fails to provide a basis for federal habeas corpus relief.

**Claim Two – Manifest Weight and Sufficiency of the Evidence**

In claim two, Petitioner asserts that his convictions are against the manifest weight of the evidence and that the evidence was constitutionally insufficient to sustain his convictions. Petitioner's claim regarding the manifest weight of the evidence fails to present an issue appropriate for federal habeas corpus review.  The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence.  Instead, the Due Process Clause extends only for those who have been convicted without enough proof to

allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983). In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find each element of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). In reviewing a sufficiency of the evidence claim, a federal habeas court must defer to the trier of fact with respect to issues of conflicting testimony, weight of the evidence, and the credibility of the witnesses. *Jackson*, 443 U.S. at 319; *Walker,* 703 F.2d at 969.

Under Ohio law, however, a claim that a verdict was against the manifest weight of the evidence-- as opposed to one based upon insufficient evidence-- requires the appellate court to act as a "thirteenth juror" and to review the entire record, weigh the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983); *cf. Tibbs v. Florida*, 457 U.S. 31 (1982). Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, any claim that petitioner's conviction was against the manifest weight of the evidence cannot be considered by this Court.

Petitioner does not appear to argue that the evidence was constitutionally insufficient to sustain his convictions. *See Petition,* PageID# 13*; Response*, PageID# 1455. He argues that prosecution witnesses lied, and that his witnesses and log books establish that his convictions were against the manifest weight of the evidence.

Assuming, however, that Petitioner's claim of insufficiency of the evidence is properly before this Court, the claim nonetheless lacks merit. The state appellate court rejected this claim as follows:

> When reviewing a claim of sufficiency of the evidence, an appellate court's role is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Contrary to a manifest weight argument, a sufficiency analysis raises a question of law and does not allow the court to weigh the evidence. *State v. Martin* (1983), 20 Ohio App.3d 172, 175. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997–Ohio–52, 678 N.E.2d 541.
>
> \*\*\*
>
> In the present case, the State had to prove that Appellant engaged in sexual conduct with another person, not his spouse, who was under the age of thirteen or that he compelled the other person to engage in sexual conduct by force or threat of force.
>
> N.P. testified that Appellant was her grandfather who she had lived with since the age of two and that she viewed him as a father. She also testified that she felt as if she could not say no when he engaged in sexual intercourse with her and that he was threatening and large. She testified that he raped her twice in the summer of 2007, and she had a child as a result. The child was determined to have Appellant's DNA and that the statistics indicated that there was a 99.9998 percent chance that Appellant was the child's father.
>
> In May or June, 2008, Appellant again twice raped N.P. according to her testimony, and a child was born as a result, and DNA indicated that there was a 99.9999 percent chance that Appellant was the child's father.
>
> Courts have consistently held that testimony, if believed, is sufficient to prove each element of the offense of rape. *State v. Lewis* (1990), 70 Ohio App.3d 624. There is no requirement that a rape victim's testimony be corroborated as a condition precedent to conviction. *Id.* citing to *State v. Love* (1988), 49 Ohio App.3d 88, 91 and *State v. Gingell* (10th Dist.82), 7 Ohio App.3d 364, 365.

*See also In re: Fisher* (June 25, 1998), Nos. 97APF10–1356 & 97APF11–1552, unreported where the court held that the victim's testimony alone was sufficient to support the conviction for rape. *Accord*, *State v.. Banks* (1991), 71 Ohio App.3d 214, 220.

Regarding Appellant's challenge to venue, R.C. 2901.12 states that if any element of the offense occurred in the county where the case is tried, then venue is properly established for that crime.

N.P. testified that she was raped by Appellant in his bedroom in May or June, 2008. She also testified that she resided with Appellant and her grandmother in Warsaw, Ohio, which is in Coshocton County, Ohio. Accordingly, venue was properly established for the sexual conduct occurring in counts two and four.

With regard to the remaining elements of rape, we find that sufficient evidence was also established. As we previously stated, when rape involves a child and that child's parent, or person who stands in loco parentis, subtle and psychological forms of coercion sufficiently show force. So long as the prosecution establishes that the victim's will was overcome by fear or duress, the forcible element of rape can be established. *State v. Eskridge* (1988), 38 Ohio St.3d 56, 58–59.

N.P. testified that when Appellant had sex with her in his bedroom, she had been asleep and woke up to Appellant having sex with her. She also testified that she viewed Appellant as a parent and that she was fearful of saying no to him. N.P. also gave birth to two children, who Appellant was determined to be the father of.

Regarding counts one and three, Appellant only challenges the sufficiency of the evidence as it relates to venue. Again, venue is properly established if any element of the crime has been established to have occurred in Coshocton County, Ohio. Moreover, pursuant to R.C. 2901.12(H), when an offender, as part of a course of criminal conduct, commits offenses in different jurisdiction, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Prima facie evidence of a course of criminal conduct exists when the offenses involve the same victim. R.C. 2901.12(H)(1).

There is sufficient evidence that the series of rapes occurred between Appellant and N.P. and that when Appellant would take N.P. with him in his semi-trucks on trips out of state, the trips would originate in Coshocton County, Ohio, and that Appellant

and N.P. would return to Appellant's home in Coshocton County, Ohio.

Accordingly, we find sufficient evidence to support Appellant's convictions with respect to counts one and three. Moreover, we do not find that the convictions were against the weight of the evidence. Based on the foregoing, and upon review of the record, we cannot say that the trial court clearly lost its way in convicting Appellant.

*State v. Whitt*, 2011 WL 2447416, at *5-6.

The factual findings of the state appellate court are presumed to be correct:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). Petitioner has presented no justification for this Court to disturb the factual findings of the state appellate court here.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  In order to obtain habeas corpus relief, a petitioner must show that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, ⸺ U.S. ⸺, 132 S.Ct. 26, 28 (2011) (quoting *Harrington v. Richter*, 562 U.S. ⸺ ⸺, 131 S.Ct. 770, 786–87 (2011)).  This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington*, 131 S.Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

In order for a criminal defendant to be convicted consistent with the United States Constitution, sufficient evidence must justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. ta 319. To determine whether the evidence was sufficient to support a conviction, this Court must view the evidence in the light most favorable to the prosecution. *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, at 319.) The prosecution is not affirmatively required to "rule out every hypothesis except that of guilty." *Id.* (quoting *Jackson*, at 326). "[A] reviewing court 'faced with a record that supports conflicting inferences must presume-- even if it does not appear on the record-- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Id.* (quoting *Jackson*, at 326). For the reasons discussed by the state appellate court, this Court likewise concludes that, when viewing all of the evidence in the light most favorable to the prosecution, the evidence was constitutionally sufficient to sustain petitioner's conviction.

Under the AEDPA, a state court's determination regarding a sufficiency of evidence claim is entitled a "double layer" of deference. As explained in *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009), deference is due to the jury's finding of guilt because the standard, announced in *Jackson v. Virginia*, is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Even if a *de novo* review leads to the conclusion that no rational trier of fact could have so found, a federal habeas court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *See also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). This is a substantial hurdle for a habeas petitioner to overcome.  For the reasons discussed by the state appellate court, Petitioner has failed to do so here.  This Court agrees that, when viewing all of the evidence in the light most favorable to the prosecution, as this Court is required to do, the evidence is constitutionally sufficient to sustain Petitioner's convictions.

Claim two fails to provide a basis for relief.

**Claim Three – Fourth Amendment**

In claim three, Petitioner asserts that the State obtained DNA evidence against him in violation of the Fourth Amendment and the trial court erred in denying his *Motion to Suppress* this evidence.

In *Stone v. Powell*, 428 U.S. 465, 481–82 (1976), the United States Supreme Court held as follows:  where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or

seizure was introduced at his trial."  Except under extremely limited circumstances, *Stone v. Powell* precludes habeas corpus review of alleged Fourth Amendment violations.

To determine whether a petitioner was afforded a full and fair opportunity in the state courts to litigate his Fourth Amendment claim, a federal habeas corpus court must engage in two distinct inquiries.  *Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir. 2000) (citing *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).  First, the "'court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim.  Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.'"  *Id.* (*quoting* Riley, 674 F.2d at 526); *see also Harding v. Russell*, 156 F. App'x. 740, 745 (6th Cir. 2005); *Crump v. LeCureux,* No. 92–1027, 974 F.2d 1338, 1992 WL 214521, at *3 (6th Cir. Sept. 3, 1992).

The Sixth Circuit has held that, by providing an opportunity for a criminal defendant to file a pretrial motion to suppress and the opportunity to take a direct appeal from any adverse ruling, Ohio has in place a state-procedural mechanism that presents the opportunity for full and fair litigation of a Fourth Amendment claim. *Riley*, 674 F.2d at 526; *see also Harding*, 156 F. App'x. at 745; *Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir. 2000).  Further, the record fails to reflect that the presentation of petitioner's Fourth Amendment claim was frustrated by any failure of Ohio's procedural mechanism. Here, the court of appeals fully considered his claim that his Fourth Amendment right had been violated:

> [Petitioner] argues that the trial court erred in denying his motion to suppress the admission of the DNA results that were performed pursuant to a search warrant after Appellant was indicted.
>
> In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant, an appellate court should not substitute its judgment for that of the trial court by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the

search warrant. Rather, the duty of a reviewing court is simply to ensure that the trial court had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, appellate courts should accord great deference to the trial court's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. *Illinois v. Gates* (1983), 462 U.S. 213, 103 S.Ct. 231f7, 76 L.Ed.2d 527.

Crim. R. 41 provides that a warrant shall be issued if the issuing judge is satisfied that probable cause for the search warrant exists. Search warrants are permitted based on hearsay. The focus of whether sufficient grounds exist for a search warrant is whether there is reason to believe that there is a factual basis behind the information and whether the source of the information is credible. Crim. R. 41(C)(2).

In the present case, the judge who issued the warrant was informed that the victim, who was 14 at the time that the warrant was issued, had given birth to a child at the age of 13. The judge was informed that the victim would not identify the father of her children, but that family members had stated that she was sleeping with her grandfather. The issuing judge was also informed by an affidavit from the Department of Job and Family Services that a DNA test had previously been performed by means of a April 8, 2009 Court Order from the Juvenile Division which showed that it was 99.9999 percent probable that Appellant was the father of N.P.'s two children. Accordingly, we find that there was sufficient, credible infSormation to support a finding of probable cause to issue the search warrant.

We do not find Appellant's arguments that the fact that the prior DNA test results or the juvenile court's order were not attached to the present affidavit to be persuasive. There is no requirement that such documentation be attached to a probable cause affidavit to issue a search warrant. The issuance of the warrant was in compliance with Crim. R. 41.

Appellant's. . . assignment of error is overruled.

*State v. Whitt,* 2011 WL 2447416, at *6-7.

Petitioner's claim regarding the alleged violation of the Fourth Amendment fails to provide a basis for relief.[1]

## Claims Three through Six

In claim three, in addition to the Fourth Amendment claim already discussed and rejected , Petitioner asserts that he was denied effective assistance of counsel because his attorney failed to raise an issue regarding the denial of the right to counsel during the acquisition of his DNA material.  In claim four, Petitioner asserts that he was denied his right to a jury trial and that his lawyer improperly advised him to waive his right to jury trial.  In claim five, Petitioner asserts that his sentence was contrary to law and the Constitution and because the trial court failed to merge allied offenses of similar import for sentencing purposes or because his sentence violated the Double Jeopardy Clause.  In claim six, Petitioner asserts that he was denied effective assistance of counsel because his attorney failed to challenge the indictment, excessive bail as a violation of the Eighth Amendment, the jurisdiction of the trial court, call defense witnesses, object to prosecutorial misconduct and other trial errors, review log books, file a motion to recuse the trial judge, file a motion for a new trial, and for waiving opening statement.  Petitioner has waived all of these claims for review by failing to raise his on-the-record claims in the Ohio Court of Appeals or in the Ohio Supreme Court.

## Procedural Default

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the highest court of the state for consideration.  28 U.S.C. § 2254(b), (c).  If the

---

[1] As noted by Respondent, *Return of Writ*, PageID# 736-37, the claim also is waived due to Petitioner's failure to raise the claim in the Ohio Supreme Court.  *See discussion on procedural default, infra*.

petitioner fails to do so, but the state still provides a remedy to pursue, his or her petition is subject to dismissal for failure to exhaust state remedies.  *Id.*; *Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *Deitz v. Money,* 391 F.3d 804, 808 (6th Cir. 2004).  If, because of a procedural default, the petitioner can no longer present the relevant claims to a state court, the petitioner also waives the claims for purposes of federal habeas review unless he or she can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error.  *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 724;  *Murray v. Carrier,* 477 U.S. 478, 485 (1986).

In the Sixth Circuit, a court must undertake a four-part analysis to determine whether procedural default is a bar to a habeas petitioner's claims.  *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x. 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*).  Specifically, the United States Court of Appeals for the Sixth Circuit requires the district courts to engage in the following inquiry:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . .  Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Maupin,* 785 F.2d at 138 (internal quotations omitted).  Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his claims on the merits if he establishes: (1) a substantial reason to excuse the default and (2) that he was actually prejudiced by the alleged constitutional error.  *Id.*  'Cause' under this test "must be something *external* to the petitioner, something that cannot fairly be attributed to him[;] . . . some factor external to the defense [that]

impeded [] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level or failure to appeal at all. *Id* at 750.

Nevertheless, "'[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray*, 477 U.S. at 495 (quoting *Engle v. Isaac,* 456 U.S. 107, 135 (1892)). Petitioners who fail to show cause and prejudice for procedural default may nonetheless receive a review of their claims if they can demonstrate that a court's refusal to consider a claim would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Lott v. Coyle,* 261 F.3d 594, 601–02 (6th Cir. 2001) (same). The fundamental miscarriage of justice exception requires a showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

All of Petitioner's on-the-record claims are waived due to Petitioner's failure to raise these claims on direct appeal. This failure constitutes a clear procedural default based on the rule in Ohio that errors which appear on the face of the record must be raised on direct appeal or will be deemed forfeited. If petitioner were to attempt to raise his claims by any other means, they would be barred by Ohio's doctrine of *res judicata. See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail,* 67 Ohio St.2d 16 (1981*); State v. Perry*, 10 Ohio St.2d 175.

The procedural rule barring petitioner's claims for relief constitutes an adequate and independent state ground for denying relief. The requirement that all available claims be asserted in the first appellate proceeding serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. Further, Ohio's res judicata rule is adequate and independent under the third part of the *Maupin* test. The doctrine of *res judicata* is stated in

unmistakable terms in numerous Ohio decisions.  Ohio courts have consistently refused to review claims on the merits under that doctrine.  *See State v. Cole; State v. Ishmail; State v. Perry.*

Petitioner argues that, because he attempted to raise his claims in various state court proceedings, all of his claims must be considered by this Court.  *Response*, PageID# 1447.  He contends that Ohio's doctrine of *res judicata* is an insufficient basis upon which to enforce a procedural default.  *Id.* PageID# 1451.  He asserts that he is actually innocent of the crimes and is the victim of a manifest miscarriage of justice, so that the Court must consider the merits of claims he otherwise has waived for review.  *Response*, PageID# 1464.  Petitioner's arguments fail to persuade this Court.

Petitioner argued in the Ohio Court of Appeals and Ohio Supreme Court after re-sentencing, that the trial court illegally imposed sentence.  The Ohio Court of Appeals, however, dismissed this claim as barred under Ohio's doctrine of *res judicata*:

> Appellant claims his resentencing was contrary to law. We disagree.
>
> We note appellant directly appealed his convictions and sentences on July 9, 2010. This court affirmed appellant's convictions, but reversed the sentences on the sexual battery counts which had been imposed prior to the merge, stating the following:
> "The trial court erred in sentencing Appellant on counts three and four, as those convictions should have merged prior to sentencing, not after. Accordingly, the trial court must resentence Appellant in accordance with R.C. 2941.25 with respect to allied offenses.
>
> "We do not find Appellant's other arguments regarding sentencing to be persuasive. We find that the trial court properly advised Appellant of the mandatory postrelease control provisions, and that it was within the trial court's discretion to impose a sentence within the statutory range for counts one and three." *State v. Whitt*, Coshocton App. No. 10–CA–10, 2011–Ohio–3022, ¶ 72–73.
>
> Therefore, the doctrine of *res judicata* applies to this case. *Res judicata* is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379,

1995–Ohio–331, syllabus. The appeal *sub judice* is limited to any issues arising from the resentencing entry. *State v. Lester*, 130 Ohio St.3d 303, 2011–Ohio–5204.

In *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, ¶ 4, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence:

"In applying *Foster [State v.,* 109 Ohio St.3d 1, 2006–Ohio–856] to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."

In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

We note although in *Oregon v. Ice* (2009), 555 U.S. 160, the United States Supreme Court upheld the constitutional validity of an Oregon statute similar to Ohio's pre- *Foster* sentencing statutes, the Supreme Court of Ohio in *State v. Hodge*, 128 Ohio St.3d 1, 941 N.E.2d 768, 2010–Ohio–6320, held the *Oregon* case did not revive the *Foster* statutes, and trial courts are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences.

Appellant argues the trial court erred in making factual findings regarding the consecutive nature of the sentences. In addition, appellant makes a convoluted and confusing argument regarding allied offenses of similar import.

A review of the January 30, 2012 resentencing hearing transcript and the February 8, 2012 judgment entry on resentencing reveals the trial court did not make any factual findings on the worst form of the offense as argued by appellant.

The rape counts and the sexual battery counts were allied offenses and the trial court was instructed by this court on remand to merge the two rape counts with the two sexual battery counts prior to imposing sentence, rather than sentencing appellant on all four counts and then merging the sentences. A review of the judgment entry on resentencing establishes that the trial court correctly followed this court's instructions.

If appellant is arguing there should have been one conviction only for the merged rape/sexual battery counts, we find the Supreme Court of Ohio in *State v. Whitfield*, 124 Ohio St.3d 319, 2010–Ohio–2, ¶ 26–27, addressed this issue as follows:

"On remand, the trial court should fulfill its duty in merging the offenses for purposes of sentencing, but remain cognizant that R.C. 2941.25(A)'s mandate that a 'defendant may be convicted of only one' allied offense is a proscription against sentencing a defendant for more than one allied offense. Nothing in the plain language of the statute or in its legislative history suggests that the General Assembly intended to interfere with a determination by a jury or judge that a defendant is guilty of allied offenses. As the state asserts, by enacting R.C. 2941.25(A), the General Assembly condemned multiple sentences for allied offenses, not the determinations that the defendant was guilty of allied offenses.

"Because R.C. 2941.25(A) protects a defendant only from being punished for allied offenses, the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing.* * *Thus, the trial court should not vacate or dismiss the guilt determination." (Footnote omitted.)

Upon review, we find appellant's resentencing is not contrary to law.

The sole assignment of error is denied.

State v. Whitt, 2012 WL 2612949, at *1-*3.[2]  Thus, the state appellate court explicitly indicated that Petitioner could not raise, in his re-sentencing appeal, claims that should have been raised in his initial appeal, but were not.

As discussed, the State of Ohio has a procedural rule that claims must be raised on direct appeal, if possible, or they will be barred by the doctrine of *res judicata*.  Moreover, as discussed,

---

[2] Although the state appellate court alternatively dismissed the claim on the merits, such alternative ruling does not forgive the waiver or otherwise revive the claim for purposes of habeas corpus review. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding"); *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003) (where state court's dismissal of claim on merits constitutes an alternative holding, federal habeas court will consider the claim procedurally defaulted); *Kenney v. Haviland*, No. 1:04 CV 2194, 2006 WL 2792171, at *6 n.8 (N.D. Ohio Sept.26, 2006) ("The mere existence of the clear statement rule confirms that an alternative holding on the merits cannot save a claim where the court clearly and expressly enforces a state procedural bar").

Ohio's *res judicata* rule is adequate and independent under the third part of the *Maupin* test to foreclose federal habeas review.  The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief.  *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir.1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of claims because they are procedurally barred. *State v. Cole; State v. Ishmail*.

Petitioner's off-the-record claims include his claim that his attorney was ineffective by failing to call defense witnesses and failing to submit the Log  Books, which purportedly would have shown that Petitioner could not have committed the crimes alleged during the time periods at issue.  Petitioner, however, waived those claims because he filed an untimely post-conviction petition, and because the state appellate court subsequently dismissed Petitioner's appeal for failure to prosecute under Ohio Appellate Rule 18(C).  *See Exhibit 46 to Return of Writ*.  In making this ruling, the state appellate court found that Petitioner had failed to follow state procedural rules and it dismissed the case on this basis, enforcing Petitioner's failure to comply with those rules.

> Failure to comply with written procedural rules detailing the timing and filing of appellate documents has been adjudged a bar to federal habeas review when the rules of appellate procedure breached are well-established and regularly followed, *i.e*., adequate and independent State procedural rules. *See Nethers v. Sheldon*, 2010 WL 4513816 (S.D. Ohio 2010) (finding that a petitioner's failure to file a timely memorandum in support of his motion for delayed appeal and the State court's subsequent dismissal of the motion for failure to prosecute constitutes an independent and adequate State ground to bar review of federal habeas grounds for relief); *see also Shroyer v. Moore,* 2007 U.S. Dist. LEXIS 63811, 2007 WL 2492312 (S.D. Ohio Aug. 29, 2007), ("In so ruling, the court clearly and expressly relied on both an independent and adequate State ground stemming from petitioner's noncompliance with the court's well-established and regularly-followed written procedural rules

> governing the timing and filing of the requisite appeal documents."); *see also James v. Warden*, 2007 WL 2326867, *4 (S.D. Ohio 2007) ("Dismissals for failure to comply with a court order and for want of prosecution involve a 'firmly established and regularly followed' practice utilized by all courts, not only the courts of Ohio.").

*Marshall v. Brunsman*, No. 1:09-cv-0259, 2010 WL 5627669, at *8 (N.D. Ohio Dec. 3, 2010).

Petitioner still may obtain review of his claims on the merits if he can establish cause for his procedural defaults as well as actual prejudice from the alleged constitutional violations.  The Supreme Court has said that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488; *see also Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003)(same)(citing *Coleman*, 501 U.S. at 753).

In *Martinez v. Ryan*, -- U.S. --, --, 132 S.Ct. 1309 (2012), the United States Supreme Court held that where, as here, state collateral proceedings provide the first opportunity to raise a claim of ineffective assistance of trial counsel, inadequate representation in those proceedings may constitute cause for a procedural default.  The *Martinez* Court refused hold as a matter of constitutional principle that it was creating an exception to the long-standing general rule that "there is no right to counsel in state collateral proceedings." *Coleman*, 501 U.S. at 755.  Instead, *Martinez* stands for the proposition either "no counsel" or "inadequate assistance of counsel at initial-review proceedings" may constitute "cause" for a prisoner's default of a ground for relief that could only be raised in a collateral review petition. *Martinez*, 132 S.Ct. at 1315.  The limited holding in *Martinez,* does not, however, apply to "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings[.]" *Id.* at 1320 (citations omitted)("[S]tate collateral cases on direct review from state courts are unaffected by the ruling in this case."); *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013).  Because Petitioner waived his off-the-record claims by failing to follow state procedural rules in regard to his post-conviction

appeal, and the state appellate court dismissed his appeal based on his failure to prosecute under Ohio Appellate Rule 18(C), Petitioner cannot establish cause for his procedural default under the holding of *Martinez.*

Petitioner asserts as cause for his procedural default in failing to raise on-the-record claims in the Ohio Court of Appeals, that he was denied effective assistance of appellate counsel.  That claim, however, cannot establish cause for Petitioner's procedural default, because Petitioner never presented the claim to the Ohio courts.  *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)(holding that ineffective assistance of counsel may constitute cause for a procedural default so long as the claim has been presented to state court and is not itself defaulted).

According to Petitioner, he did not waive any claim of ineffective assistance of counsel, because his attorney in the Ohio Supreme Court refused to raise additional assignments of error, despite Petitioner's request.  *Response,* PageID#1456.   Petitioner has attached copies of letters he wrote, asking the assistant public defender to preserve other direct appeal claims for review in the Ohio Supreme Court.  *See Exhibits I, J to Response.*

A claim of ineffective assistance of counsel may constitute cause for a procedural default "only at a stage of the proceedings where a petitioner has a Sixth Amendment right to counsel. . . . It does not extend to discretionary appeals or collateral post-conviction proceedings."  *Mapp v. Ohio*, No. 2:12-cv-1039, 2013 WL 4458838, at *2 (S.D. Ohio Aug. 20, 2013)(quoting *Wilson v. Hurley*, 382 F. App'x. 471, 478 (6th Cir. 2010)).  Petitioner had no Sixth Amendment right to counsel in connection with the discretionary appeal to the Ohio Supreme Court.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Ross v. Moffitt*, 417 U.S. 600, 610–12 (1974)(right to appellate counsel does not extend beyond the first appeal as of right to discretionary appeals to the state's highest

court or to petitions for review by the United States Supreme Court).  Petitioner has failed to establish cause for his procedural defaults.

Petitioner asserts that he is actually innocent of the charges against him.  The United States Supreme Court has held that a claim of actual innocence may be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims."  *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995).  "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."  *Murray*, 477 U.S. at 496.  In *Schlup,* the Supreme Court held that a credible showing of actual innocence was sufficient to enable a court to reach the merits of an otherwise procedurally-barred habeas petition.  *Schlup*, 513 U.S. at 317.  The actual innocence claim in *Schlup* is "'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'"  *Id*. at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

The actual innocence exception allows a petitioner to pursue her constitutional claims if it is "more likely than not" that new evidence-not previously presented at trial-would allow no reasonable juror to find her guilty beyond a reasonable doubt.  *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The Court of Appeals for the Sixth Circuit explained the exception thoroughly in *Souter*:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317,

> 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual
> innocence, "a petitioner must show that it is more likely than not that
> no reasonable juror would have found petitioner guilty beyond a
> reasonable doubt." *Id*. at 327, 513 U.S. 298, 115 S.Ct. 851, 130
> L.Ed.2d 808. The Court has noted that "actual innocence means
> factual innocence, not mere legal insufficiency." *Bousley v. United
> States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).
> "To be credible, such a claim requires petitioner to support his
> allegations of constitutional error with new reliable evidence--
> whether it be exculpatory scientific evidence, trustworthy eyewitness
> accounts, or critical physical evidence-- that was not presented at
> trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The
> Court counseled however, that the actual innocence exception should
> "remain rare" and "only be applied in the 'extraordinary case.' " *Id*.
> at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter,* 395 F.3d at 589–90 (footnote omitted).  Petitioner does not meet these standards.  The Court's independent review of the petition and record fails to reveal that any "new facts" have arisen that undermine the result of Petitioner's trial.  Petitioner cannot, therefore, establish a claim for actual innocence sufficient to avoid his procedural default.

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DENIED** and that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

   **s/ *Elizabeth A. Preston Deavers***
**Elizabeth A. Preston Deavers**
**United States Magistrate Judge**

**Date:  June 26, 2014**